**ADANTE D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS WILSON JR., individually;
T.W., a minor, by and through his Guardian
ad Litem LA'MARIYONE MOORE,
individually and as successor-in-interest to
Decedent TAHMON WILSON; THOMAS
WILSON SR., individually; and ARLETA
NANCE, individually;

        Plaintiffs,

v.

CITY OF MARTINEZ, a municipal
corporation; COLE BENNETT, in his
individual capacity as a law enforcement
officer for the MARTINEZ POLICE
DEPARTMENT; MARC KAHUE, in his
individual capacity as a law enforcement
officer for the MARTINEZ POLICE
DEPARTMENT; RAUL CEJA-MENDEZ,
in his individual capacity as a law
enforcement officer for the MARTINEZ
POLICE DEPARTMENT; ALEXANDER
TIRONA, in his individual capacity as a law
enforcement officer for the MARTINEZ
POLICE DEPARTMENT; GIANI ARONE,
in his individual capacity as as a law
enforcement officer for the MARTINEZ
POLICE DEPARTMENT and DOES 1-50,

Case No.: 3:24-cv-08431-SK

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR DAMAGES
(42 U.S.C. § 1983)

JURY TRIAL DEMANDED

1    inclusive.                                    )
                                                   )
2    _____Defendants_____)

3

4    **THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK.**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

POINTER & BUELNA, LLP · LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

## INTRODUCTION

1.      On August 18, 2023, Defendant Martinez Police Officers Cole Bennett, Marc Kahue, Raul Ceja-Mendez, and Alexander Tirona responded to a report of a burglary at a closed marijuana dispensary. They responded to the scene and parked their vehicles in the driveway leading into the parking lot, which was the only exit from the premises.

2.      Plaintiff Thomas Wilson Sr. and his brother, Decedent Tahmon Wilson, attempted to leave the parking lot in a Nissan Infiniti. Tahmon slowly maneuvered the vehicle down the narrow strip of the driveway that was not blocked by the police vehicles, while Thomas sat in the back seat. As they drove down the driveway, they inadvertently bumped into one of the parked police vehicles.

3.      The Defendant Officers then opened fire into the side and rear of the Infiniti as it drove down the driveway. They inexplicably continued firing into the back of the vehicle as it drove down the street, dozens if not hundreds of feet away from the officers at this point.

4.      The Defendant Officers shot Thomas and Tahmon in the back as they drove away. Thomas required emergency surgery, but thankfully survived. Tragically, one of the Defendant Officers shot Tahmon in the back of the head, killing him.

5.      The Defendant Officers' misconduct and brutality did not end after they unlawfully shot Thomas and Tahmon. After Thomas followed officers' commands to exit the vehicle and was handcuffed without incident, Defendant Martinez Police Department Officer Giani Arone kneed him multiple times in the head. This was a cruel, unjustifiable instance of police brutality – unrelated to any law enforcement purpose – against an individual who was gravely injured, handcuffed and compliant.

6.      Throughout the incident, Defendant Bennett was illegally carrying a concealed knife in violation of both state law and Martinez Police Department policy. Apparently aware of

POINTER & BUELNA, LLP · LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Defendant Bennett's unlawful action, Defendant Tirona told him "to get rid of" the knife before investigators arrived. Defendant Bennett then gave the knife to Defendant Arone, who hid the illegal knife in a bag in his patrol car. Defendant Arone later told internal affairs investigators that he was aware at the time that Defendant Bennett had likely violated departmental policy by carrying the knife, yet never notified anyone at the police department about the incident.[1]

7.     This case is a distressing example of a reckless and unjustified police shooting. Bullet trajectory analysis on the Infiniti shows that all 14 of the shots that hit the Infiniti did so from the side or rear of the vehicle. None of the shots had front-to-back trajectory, proving that all the Defendant Officers shot at Thomas and Tahmon while they were behind or to the side of the Infiniti and not in any danger of being struck by the car.

8.     The Defendant Officers inflicted serious injuries upon Thomas and robbed Tahmon of his life. Tahmon's son, who appears as a plaintiff in this matter through his mother, will never get to meet his dad because the Defendant Officers stole him away.

## JURISDICTION

9.     This action arises under Title 42 of the United States Code, §1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§ 1331 and 1343. The unlawful acts and practices alleged herein occurred in Contra Costa County, California, which is within this judicial district.

## PARTIES

10.     Decedent TAHMON WILSON (hereinafter "Decedent") was an adult and died intestate and unmarried. Decedent was the biological father of Plaintiff T.W., and the son of

---

[1] https://martineznewsandviews.substack.com/p/martinez-police-officer-fired-following

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Plaintiffs THOMAS WILSON SR. and ARLETA NANCE. Decedent was the biological brother of Plaintiff THOMAS WILSON JR.

11.     Plaintiff THOMAS WILSON JR. (hereinafter "Plaintiff Thomas" or "Thomas") is a competent adult. He is a resident of California and a citizen of the United States.  Plaintiff THOMAS WILSON JR. brings these claims individually on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal civil rights law, and California state law.

12.     Plaintiff T.W. is a minor and brings this suit by and through his Guardian ad Litem, La'Mariyone Moore. Plaintiff T.W. is the biological son of La'Mariyone Moore and Decedent. Plaintiff T.W. brings these claims individually and as successor-in-interest to Decedent on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal civil rights law, and California state law. Plaintiff T.W. brings these claims on behalf of Decedent pursuant to California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions. The wrongful death and survival claims survive the death of Decedent; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure § 377.62.

13.     Plaintiff THOMAS WILSON SR. (hereinafter "Plaintiff Wilson Sr.") is a competent adult. He is a resident of California and a citizen of the United States. Plaintiff THOMAS WILSON SR. brings these claims individually on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal civil rights law, and California state law. He is the biological father of Decedent TAHMON WILSON.

14.     Plaintiff ARLETA NANCE (hereinafter "Plaintiff Arleta") is a competent adult. She is a resident of California and a citizen of the United States. Plaintiff ARLETA NANCE brings these claims individually on the basis of 42 U.S.C. §§ 1983 and 1988, the United States

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Constitution, federal civil rights law, and California state law. She is the biological mother of Decedent TAHMON WILSON.

15.      Defendant CITY OF MARTINEZ (hereinafter "CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California that manages and operates the MARTINEZ POLICE DEPARTMENT.

16.      Defendant COLE BENNETT (hereinafter "Defendant Bennett") was and at all times mentioned herein is an officer for the Martinez Police Department and is sued in his individual capacity.

17.      Defendant MARC KAHUE (hereinafter "Defendant Kahue") was and at all times mentioned herein is an officer for the Martinez Police Department and is sued in his individual capacity.

18.      Defendant RAUL CEJA-MENDEZ (hereinafter "Defendant Ceja-Mendez") was and at all times mentioned herein is an officer for the Martinez Police Department and is sued in his individual capacity.

19.      Defendant ALEXANDER TIRONA (hereinafter "Defendant Tirona") was and at all times mentioned herein is an officer for the Martinez Police Department and is sued in his individual capacity.

20.      Defendant GIANI ARONE (hereinafter "Defendant Arone") was and at all times mentioned herein is an officer for the Martinez Police Department and is sued in his individual capacity.

21.      Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities when

ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

22.    In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for Defendant CITY.

23.    Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

24.    Due to the acts and/or omissions alleged herein, Defendants, and each of them, act as the agent, servant, and employee and/or concert with each of said other Defendants herein.

25.    Plaintiffs THOMAS WILSON JR., THOMAS WILSON SR., and ARLETA NANCE filed a timely government claim with Defendant CITY on August 28, 2023, which was rejected by operation of law.

26.    Plaintiff T.W., by and through his Guardian ad Litem LA'MARIYONE MOORE, filed a timely government claim with Defendant CITY on February 9, 2024, which was rejected by operation of law.

27.    Plaintiffs never received a formal rejection by the City on either claim, therefore, this lawsuit is timely.

POINTER & BUELNA, LLP · LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

**FACTUAL ALLEGATIONS**

28.     On or about August 18, 2023, Defendant Martinez Police Department Officers Cole Bennett, Marc Kahue, Raul Ceja-Mendez, and Alexander Tirona (hereinafter "Defendant Officers") responded to a report of a burglary at Velvet Cannabis, a marijuana dispensary in Martinez, California. Velvet was closed at the time.

29.     Plaintiff Thomas Wilson Jr. and Decedent Tahmon Wilson were in or near a Blue Infiniti in the Velvet parking lot when the Defendant Officers arrived at the scene. Tahmon was driving the car and Thomas sat in the back seat.

30.     Upon arriving at Velvet, the Defendant Officers parked their respective vehicles in a driveway that was the lone exit leading out of the parking lot.

31.     Plaintiff Thomas and Decedent attempted to leave the parking lot by slowly driving down the driveway around the Defendant Officers' parked vehicles. As Plaintiff Thomas and Decedent drove down the narrow portion of the driveway that was not blocked by the police vehicles, the Blue Infiniti bumped into a police vehicle while moving at a low speed. The four Defendant Officers then all opened fire into the side and rear of the Infiniti as it drove away from them.

32.     The Defendant Officers shot Plaintiff Thomas and Decedent as they drove away in the opposite direction from the Officers. There were no Officers or anyone else in the Infiniti's path of travel. The Infiniti then crashed into a fire hydrant and careened off the road down the block from the dispensary's driveway.

33.     The Defendant Officers shot Plaintiff Thomas multiple times in the back. His injuries required emergency surgery. Thankfully, Plaintiff Thomas survived.

34.     Tragically, the Defendant Officers killed Decedent. One or more of the Defendant Officer's bullets struck him in the back and the back of the head.

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

35.    A subsequent ballistic examination of the Blue Infiniti determined that all the Defendant Officers' 14 shots that struck the vehicle were into the side and/or back of the vehicle—**none of the shots entered the front of the vehicle or had front-to-back trajectory.**

36.    The Defendant Offices' cruelty did not end with their unreasonable and unjustified uses of deadly force. After the Blue Infiniti had come to a stop at the end of the road, the shooting Defendant Officers charged the vehicle. Plaintiff Thomas followed the officers' commands to exit the vehicle and was handcuffed without incident. Despite the fact that Plaintiff Thomas was unarmed, handcuffed, grievously wounded, and compliant, Defendant Martinez Police Department Officer Arone cruelly kneed Plaintiff Thomas in the head multiple times.

37.    On information and belief, upon learning that Plaintiff Thomas had been shot, Defendant Arone told him "play stupid games, win stupid prizes". Martinez Police Chief Andrew White found that Defendant Arone "[m]aking that taunting statement to someone who had been shot and against whom [Defendant Arone] had just used unjustified force" violated the Martinez Police Department's policy against disgraceful conduct.[2]

38.    According to subsequent records released by Defendant City, the Defendant Officers' misconduct did not stop with their excessive force against Decedent and Plaintiff Thomas. Throughout the incident, Defendant Bennett was armed with at least one knife, possession of which violated both state law and Martinez Police Department policy. Following the shooting, Defendant Tirona, apparently aware of Defendant Bennett's unlawful carrying of the knife, told Defendant Bennett "to get rid of" the knife. Defendant Bennett then asked

---

[2] https://martineznewsandviews.substack.com/p/martinez-police-officer-fired-following

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Defendant Arone to "do him a favor" and gave him the knives; Defendant Arone then hid the

knives in a bag in his patrol car, therefore aiding and abetting Defendant Bennett in concealing

them from investigators. Despite admitting to internal affairs investigators that he was aware

that Defendant Bennett had likely violated department policy, Defendant Arone never notified

the Martinez Police Department of Defendant Bennett's knife.[3]

39.    On information and belief, all the Defendant Officers were wearing functional

body-worn cameras throughout this incident. Despite this, only Defendants Bennett and Mendez

activated their body-worn cameras in time to capture their uses of deadly force. The Defendant

City has since released selected portions from these body-worn camera recordings.

40.    Defendant Bennett's body-worn camera shows that he was to the side and behind

the Blue Infiniti as it drove away. After it bumped into the parked patrol vehicle, Defendant

Bennett opened fire into the back of the vehicle as it drove down the driveway and continued

firing at the vehicle, even as it drove away on the road away from the assembled officers with

no one in its path.

---

[3] https://martineznewsandviews.substack.com/p/martinez-police-officer-fired-following



41.    Similarly, the portions of Defendant Ceja-Mendez' body-worn camera recordings that have been released to the public show that he began shooting into the side of the Blue Infiniti as it drove past him while he stood safely behind a police cruiser.



POINTER & BUELNA, LLP · LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

42.    Defendant Ceja-Mendez also continued shooting into the rear of the vehicle as it drove away.



43.    On information and belief, despite the fact that they were driving away from the officers, the Defendant Officers fired well over 20 shots at Decedent and Plaintiff Thomas. This reckless and unlawful use of deadly force has robbed Plaintiffs Thomas Wilson Sr. and Arleta Nance of their beloved son. Tragically, Decedent's son, T.W., will never have the chance to meet his father because of this unlawful and outrageous deadly police shooting.

44.    On information and belief, Defendants Bennett, Tirona, and Arone were all fired by the Defendant City of Martinez for their misconduct in this incident.

## DAMAGES

45.    As a proximate result of each of the Defendants' negligence and violations of Plaintiffs' federal civil rights under 42 U.S.C. §1983, the Fourth Amendment, and California

POINTER & BUELNA, LLP · LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

1   state law, Plaintiffs suffered injuries, emotional distress, fear, terror, anxiety, and loss of sense

2   of security, dignity, and pride as United States Citizens.

3       46.     As a direct and proximate result of each Defendant's acts and/or omissions as set

4   forth above, Plaintiffs sustained the following injuries and damages, past and future, among

5   others:

6       a.  Wrongful death of TAHMON WILSON;

7       b.  Hospital and medical expenses;

8       c.  Coroner's fees, funeral and burial expenses;

9       d.  Loss of familial relationships, including loss of love, companionship, comfort,

10          affection, society, services, solace, and moral support and loss of familial

11          association;

12      e.  Pain and Suffering, including emotional distress;

13      f.  TAHMON WILSON's conscious pain and suffering, pursuant to federal civil

14          rights law (Survival claims);

15      g.  Violation of constitutional rights;

16      h.  All damages, penalties, and attorney's fees and costs recoverable under 42

17          U.S.C. §§ 1983, 1988; California Civil Code §§ 52, 52.1, California Code of

18          Civil Procedure § 1021.5, and as otherwise allowed under California and United

19          States statutes, codes, and common law.

20      47.     The conduct of Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA,

21  ARONE and DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the

22  right and safety of Plaintiffs and the public. Plaintiffs are therefore entitled to an award of

punitive damages against Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE and DOES 1-50.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**(Fourth Amendment—Excessive Force under 42 U.S.C. § 1983)**
*(PLAINTIFFS THOMAS WILSON JR., individually, and T.W. as successor-in-interest to DECEDENT, against Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE, and DOES 1-50)*

48.     Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as fully set forth here.

49.     When Defendants BENNETT, KAHUE, CEJA-MENDEZ, and TIRONA repeatedly shot Plaintiff THOMAS WILSON JR. and DECEDENT, they did not have a reasonable belief that Plaintiff THOMAS WILSON JR. and/or DECEDENT presented an imminent threat to the officers or anyone else. Plaintiff THOMAS WILSON JR. and DECEDENT were slowly driving away from the Defendants at the time that the Defendants began shooting.

50.     Moreover, when Defendant ARONE kneed Plaintiff THOMAS WILSON JR. in the head multiple times, despite the fact that Plaintiff THOMAS WILSON JR. was in handcuffs, compliant, and had already been shot, Defendant ARONE did not have a reasonable belief that Plaintiff THOMAS WILSON JR. presented a threat justifying such a use of force.

51.     The conduct of Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE and DOES 1-50 was excessive and unreasonable, which violated both their training and Plaintiff THOMAS WILSON JR.'s and DECEDENT's constitutional rights under the Fourth Amendment.

52.     As a result of their misconduct, Defendants are liable for Plaintiff THOMAS WILSON JR.'s and DECEDENT's injuries and/or damages.

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

53.     The conduct of Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE, and DOES 1-50 was egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Decedent's and Plaintiff's safety, health and well-being. As such, Plaintiffs seek punitive damages and penalties as allowable under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Fourteenth Amendment—Familial Loss under 42 U.S.C. § 1983)
(*PLAINTIFFS THOMAS WILSON JR., T.W., THOMAS WILSON SR., and ARLETA NANCE, individually, against Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, and DOES 1-50*)

54.     Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as fully set forth here.

55.     By the actions and omissions described, Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, and DOES 1-50 violated 42 U.S.C. § 1983, depriving Plaintiffs THOMAS WILSON JR., T.W., THOMAS WILSON SR., and ARLETA NANCE of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendment of the United States Constitution including:

      a.     Right to familial association.

56.     Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, and DOES 1-50 subjected DECEDENT to their wrongful conduct, thereby depriving DECEDENT and Plaintiffs of the rights described herein with reckless disregard for whether the rights and safety of Decedent, Plaintiffs, and others would be violated by their acts and/or omissions. DEFENDANTS BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, and DOES 1-50 employed unreasonable excessive force against DECEDENT, thereby depriving Plaintiffs of their familial relationship with their father, son, and brother.

POINTER & BUELNA, LLP · LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

57.    As a direct and proximate result of Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, and DOES 1-50's acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Fourteenth Amendment—Substantive Due Process under 42 U.S.C. § 1983)**
(*PLAINTIFF THOMAS WILSON JR. against Defendant ARONE*)

58.    Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

59.    Defendant ARONE affirmatively caused Plaintiff THOMAS WILSON JR. harm by repeatedly kneeing him in the head while Plaintiff THOMAS WILSON JR. was handcuffed, unarmed, compliant, and already seriously wounded.

60.    Defendant ARONE's subsequent comment to Plaintiff THOMAS WILSON JR. "play stupid games, win stupid prizes" shows that Defendant ARONE did not have any legitimate law enforcement purpose for his use of force and instead intended it solely to harm Plaintiff THOMAS WILSON JR.

61.    Defendant ARONE's use knee strikes were arbitrary and brutal that "is bound to offend even hardened sensibilities" that the due process clause is designed to protect against. [4].

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Violation of CALIFORNIA CIVIL CODE § 52.1 "The Bane Act")**

---

[4] *Zion v. County of Orange*, 874 F.3d 1072 (9th Cir. 2017).

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

(*PLAINTIFFS THOMAS WILSON JR., individually & T.W., as successor-in-interest, against Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIORNA, ARONE, CITY, and DOES 1-50)*)

62.     Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as fully set forth here.

63.     Plaintiffs THOMAS WILSON JR. and T.W. brings this "Bane Act" claim for direct violation of their rights.

64.     By their conduct described herein, Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE, and DOES 1-50, acting in concert/conspiracy as described above, violated Plaintiffs' rights under California Civil Code § 52.1, and the following clearly established right under the United States Constitution and the California Constitution:

   a.   Decedent's and Plaintiff THOMAS WILSON JR.'s rights to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution.

65.     Excessive force which violates the Fourth Amendment also violates the Bane Act.[5] Defendant BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE and DOES 1-50's use of excessive force against Decedent and Plaintiff THOMAS WILSON JR., in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

66.     Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[6] All of Defendant BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE, and DOES 1-50's

---

[5] *See Chaudhry v. City of Los Angeles,* 751 F.3d 1096, 1105 (9th Cir. 2014) (citing *Cameron v. Craig,* 713 F.3d 1012, 1022 (9th Cir. 2013)).
[6] *Cornell v. City and County of San Francisco,* 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiffs' rights; none were accidental or merely negligent.

67.     Alternatively, Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE and DOES 1-50 violated Plaintiff THOMAS WILSON JR.'s rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    a.  Threatening Plaintiff & Decedent in the absence of any threat presented by Plaintiff and/or Decedent or any justification whatsoever;

    b.  Using deliberately reckless and provocative tactics to apprehend Plaintiff and Decedent in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's and Decedent's rights;

    c.  Defendants BENNETT, KAHUE, CEJA-MENDEZ, and TIRONA using deadly force against Plaintiff and Decedent without legal justification;

    d.  Threatening violence against Plaintiff and Decedent, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j); and

    e.  Kneeing Plaintiff THOMAS WILSON JR. in the head multiple times after he had already been shot and was in handcuffs and compliant.

68.     Defendant CITY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

69.     As a direct and proximate result of Defendants BENNETT, KAHUE, CEJA-MENDEZ,  TIRONA, ARONE, and DOES 1-50's violations of California Civil Code § 52.1 and of Plaintiffs' rights under the United States and California Constitutions, Plaintiffs sustained injuries and damages, and against all Defendants are entitled to relief as set forth

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

above, including punitive damages against Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE, and DOES 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorney's fees, treble damages, and civil penalties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Negligence & Wrongful Death)
*(Plaintiffs THOMAS WILSON JR., individually, and T.W., individually and as successor-in-interest to DECEDENT, against Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE, CITY, and DOES 1-50)*

70.     Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as fully set forth here.

71.     At all times, Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE, and DOES 1-50 owed Plaintiff THOMAS WILSON JR. and DECEDENT the duty to act with due care in the execution and enforcement of any right, law, or legal obligations.

72.     At all times, Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE, and DOES 1-50 owed Plaintiff THOMAS WILSON JR. and DECEDENT the duty to act with reasonable care.

73.     These general duties of reasonable care and due care owed to Plaintiff and DECEDENT by Defendants include but are not limited to the following specific obligations:

  a.   to refrain from employing excessive force;

  b.   to refrain from abusing their authority granted them by law;

  c.   to refrain from violating Plaintiff's and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

74.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff and Decedent.

75.     Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code § 815.2.

76.     As a direct and proximate result of Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE, and DOES 1-50's negligence, Plaintiff THOMAS WILSON JR. and DECEDENT sustained injuries and damages, and against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Battery)
(*Plaintiffs THOMAS WILSON JR., individually, and T.W., as successor-in-interest to Decedent, against Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE, CITY, and DOES 1-50*)

77.     Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

78.     Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE, and DOES 1-50, while working as officers of the Martinez Police Department, and acting within the course and scope of their duties, intentionally injured Plaintiff THOMAS WILSON JR. and DECEDENT without a lawful basis.

79.     As a result of Defendant BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE, and DOES 1-50's actions, Plaintiff THOMAS WILSON JR. and DECEDENT suffered physical injuries. Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE, and DOES 1-50 did not have legal justification for using deadly force against Plaintiff THOMAS WILSON JR. and DECDENT. Defendants BENNETT, KAHUE, CEJA-MENDEZ,

POINTER & BUELNA, LLP - LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

TIRONA, ARONE, and DOES 1-50's uses of force while carrying out their law enforcement duties were unreasonable uses of force.

80.    Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code § 815.2.

81.    As a direct and proximate result of Defendant BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE and DOES 1-50's battery of Plaintiff THOMAS WILSON JR. and DECEDENT, Plaintiff THOMAS WILSON JR. and DECEDENT sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.


## JURY DEMAND

82.    Plaintiffs hereby demand a jury trial in this action

## PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

1.    For general damages in a sum to be proven at trial;

2.    For wrongful death damages in a sum to be proven at trial;

3.    For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

4.    For punitive damages against Defendants BENNETT, KAHUE, CEJA-MENDEZ, TIRONA, ARONE, and DOES 1-50 in a sum according to proof;

5.    All other damages, penalties, costs, interest, and attorney's fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

6.      For injunctive relief, including but not limited to, changing Martinez Police

Department policies and procedures relating to the use of deadly force;

7.      For the cost of suit herein incurred; and

8.      For such other and further relief as the Court deems just and proper.


Dated:  March 24, 2025                POINTER & BUELNA, LLP
                                      LAWYERS FOR THE PEOPLE

                                      /s/ Ty Clarke
                                      Ty Clarke
                                      Adanté D. Pointer
                                      Patrick Buelna
                                      Attorneys for PLAINTIFFS